Jason A. McNeill (9711)
  mcneill@mvmlegal.com
Kennedy D. Nate (14266)
  nate@mvmlegal.com
Brian E. Lahti (16298)
  lahti@mvmlegal.com
**MCNEILL | VON MAACK**
175 South Main Street, Suite 1050
Salt Lake City, Utah 84111
Telephone: 801.823.6464

Attorneys for Plaintiffs, AVT – New York, L.P.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **AVT – NEW YORK, L.P., a Utah limited partnership,**<br><br>          Plaintiff,<br>v.<br><br>**OLIVET UNIVERSITY, a California corporation,**<br><br>          Defendant. | **COMPLAINT**<br><br><br><br><br><br>Case No.: 2:18-cv-00782<br><br>Honorable Brook C. Wells |

Plaintiff AVT - New York, L.P., by and through its undersigned counsel, hereby complains against Defendant Olivet University as follows:

**PARTIES**

1.      Plaintiff AVT - New York, L.P. (formerly known as TFG - New York, L.P., "AVT") is a Utah limited partnership with its principal place of business in Salt Lake County, Utah.  AVT has only two partners, AVT Holdings, Inc., a Utah corporation with its principal place of business in Salt Lake County, Utah, and Avtech Capital, LLC, a Utah limited liability

company, with its principal place of business in Salt Lake County, Utah. The members of Avtech Capital, LLC are five Utah limited partnerships with their principal places of business in Salt Lake County, Utah, and all partners of the limited partnerships are either Utah corporations based in Utah or individual residents and citizens of the State of Utah.

2. Defendant Olivet University ("Olivet" or "Defendant") is a California corporation, with its principal place of business in Riverside County, California.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between AVT and Olivet, and the amount in controversy exceeds $75,000, exclusive of interest and costs, and under 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Olivet because it has transacted business in the State of Utah in connection with the subject matter of this Complaint and because it has caused harm to AVT in the State of Utah.

5. Additionally, Olivet has consented to jurisdiction in the State of Utah.

6. Olivet is thus subject to jurisdiction in this state pursuant to Utah's long arm statute, Utah Code Ann. § 78B-3-205(1) and (3), and it has sufficient minimum contacts to satisfy the due process clause of the United States Constitution.

7. Venue is proper in this district under 28 U.S.C. § 1391(a) and (b), as a substantial part of the events giving rise to the claims occurred in this District.

8. Additionally, Olivet has consented to venue in Utah.

## GENERAL ALLEGATIONS

9. AVT is an equipment leasing company.

10. AVT, as Lessor, entered a Master Lease Agreement No. 2046801, dated September 28, 2016 (the "Master Lease") with Olivet, as Lessee.

11. Pursuant to the Master Lease, Olivet entered into several separate lease schedules, including the following (collectively, the "Lease Schedules" and together with the Master Lease, the "Lease"), pursuant to which AVT leased to Olivet certain equipment (described in the Lease as the "Leased Property"):

a. Amended and Restated Lease Schedule No. OLVT_003, dated February 13, 2017, for Leased Property with an original cost of $789,090.24 ("Lease Schedule No. 003").

b. Amended and Restated Lease Schedule No. OLVT_005, dated January 31, 2017, for Leased Property with an original cost of $1,902,175.24 ("Lease Schedule No. 005").

c. Amended and Restated Lease Schedule No. OLVT_007, dated Marcy 8, 2017, for Leased Property with an original cost of $1,288,791.80 ("Lease Schedule No. 007").

d. Amended and Restated Lease Schedule No. OLVT_008, dated April 18, 2017, for Leased Property with an original cost of $368,000.00 ("Lease Schedule No. 008").

e. Lease Schedule No. OLVT_009, dated February 8, 2017, for Leased Property with an original cost of $998,000.00 ("Lease Schedule No. 009").

12. By agreement, AVT sold and assigned certain rights under the Lease Schedules to various banks and other financial institutions. Pursuant to that agreement, AVT was designated servicer and agent to, among other things, take all actions to enforce the Lease Schedules and all available rights and remedies under the Lease.

13. Beginning with the payment due on June 1, 2018, Olivet breached the Lease by failing to make the regular rent payments as required by the Lease.

14. By failing to timely make the regular rent payments required under the Lease, Olivet is in material default under the Lease.

15. AVT has given notice, orally and in writing, to Olivet that it is in material breach of the Lease, but Olivet has not cured its breach and remains in material default under the Lease.

16. The Lease provides that the Leased Property shall at all times remain the property of the Lessor.

17. The Lease provides that, upon the occurrence of an event of default, the Lessor may declare immediately due and payable all amounts due or to become due under the Lease.

18. The Lease also provides that, upon the occurrence of an event of default, the Lessor may repossess the Leased Property.

19. Despite Olivet's material and ongoing breach of the Lease, Olivet has not returned the Leased Property to AVT as required by the Lease.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

20. AVT re-alleges and incorporates the foregoing paragraphs.

21. The Lease constitutes a valid and binding contract between AVT and Olivet.

22. AVT has fulfilled all of its obligations under the Lease.

23. Olivet has breached its obligations under the Lease by failing to make all payments due under the Lease.

24. As a direct and proximate result of Olivet's default under the Lease, AVT has been damaged in an amount to be proven at trial not less than $4,896,128.84, plus default interest, applicable taxes, attorney fees and costs, together with such other and further relief as shall be just and proper.

## SECOND CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

25. AVT re-alleges and incorporates the foregoing paragraphs.

26. The Lease contains an implied covenant that each party would act in good faith towards each other so that each party could enjoy the full benefits of the contractual relationship.

27. As alleged above, Olivet has willfully acted unfairly and breached the implied covenant of good faith and fair dealing.

28. As a result of Olivet's breach of the duty of good faith and fair dealing, AVT has been damaged in an amount to be proven at trial not less than $4,896,128.84, plus default interest, applicable taxes attorney fees and costs, together with such other and further relief as shall be just and proper.

## THIRD CAUSE OF ACTION CAUSE OF ACTION
### (Writ of Replevin)

29. AVT re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

30. As a result of Olivet's default, AVT is entitled to a writ of replevin immediately returning the Leased Property to AVT.

31. AVT is entitled to possession of the Leased Property because AVT owns the Leased Property by virtue of its having paid for it, and pursuant to the Lease.

32. Pursuant to the Master Lease, AVT is entitled to take possession of the Leased Property and/or require Olivet to return the Leased Property to AVT.

33. Olivet has wrongfully detained and continues to wrongfully detain the Leased Property.

34.     Olivet has indicated its unwillingness to return the Leased Property, despite its obligation to do so.

## FOURTH CAUSE OF ACTION
### (Foreclosure of Security Interests on All Assets of Olivet)

35.     AVT repeats and re-alleges the preceding allegations.

36.     As set forth above, Olivet has breached its obligations under the Lease and is in default thereunder.

37.     The Lease provides that upon the occurrence an event of default, Olivet granted to AVT a lien against all assets of Olivet.

38.     As set forth above and in accordance with the Lease, following Olivet's default and refusal to cure the default AVT filed a UCC-1 Financing Statement covering all assets of Olivet.

39.     Olivet has refused to cure its breach of the Lease and remains in default thereunder.

40.     AVT is entitled to a judgment and decree of foreclosure of its lien against all assets of Olivet, and to enforce its security interest in such assets by taking immediate possession thereof.

## PRAYER FOR RELIEF

WHEREFORE, AVT - New York, L.P. prays for relief as follows:

1.      For damages to be proven at trial determined at trial not less than $4,896,128.84, plus default interest, applicable taxes and costs for the First and Second Causes of Action;

2. For a Writ of Replevin, and the entry of an immediate pre-judgment Order of Replevin requiring the immediate return of the Leased Property to AVT, for the Third Cause of Action;

3. For a judgment and decree of foreclosure on AVT's lien against all assets of Olivet, for the Fourth Cause of Action;

4. For attorney fees and costs as allowed by the parties' contracts and by law;

5. For interest as allowed by the parties' contracts and by law; and

6. For such other and further relief as the Court deems just and proper.

DATED this 5th day of October, 2018.

        **MCNEILL | VON MAACK**

        _____
        Jason A. McNeill
        Kennedy D. Nate
        Brian E. Lahti
        *Attorneys for Plaintiff AVT – New York, L.P.*