UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AVT – NEW YORK, L.P., a Utah limited partnership,<br><br>          Plaintiff,<br><br>v.<br><br>OLIVET UNIVERSITY, a California corporation,<br><br>          Defendant. | **REPORT AND RECOMMENDATION TO GRANT APPLICATION FOR CHARGING ORDER (DOC. NO. 114) AND TO TERMINATE OLIVET UNIVERSITY'S MOTION TO DISMISS (DOC. NO. 129)**<br><br>Case No. 2:18-cv-00782-JNP-DAO<br><br>Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

Before the court is AVT's Application for Charging Order ("Mot.," Doc. No. 114).  For

the following reasons the undersigned[1] recommends[2] this motion be granted.[3]

BACKGROUND

On January 7, 2019, the court entered a default judgment against Defendant Olivet

University in the amount of $4,901,413.34.  (J. Against Olivet Univ., Doc. No. 13.)  Plaintiff

(and judgment creditor) AVT-New York, L.P. ("AVT") represents that $3,496,413.34 was still

due as of the time of filing the motion, factoring in post-judgment interest, late fees, and

---

[1] On January 8, 2020, the district judge referred this case to Magistrate Judge Furse under 28 U.S.C. § 636(b)(1)(A).  (*See* Doc. No. 77.)  On May 15, 2020, this case was reassigned to the undersigned magistrate judge.  (*See* Doc. No. 99.)

[2] Where the post-judgment entry of a charging order may be considered a final appealable decision under 28 U.S.C. § 1291, the undersigned proceeds by issuing a Report and Recommendation.  *See Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. 10-2252, 2015 U.S. Dist. LEXIS 91873, at *2 (D. Kan. May 8, 2015) (unpublished).

[3] The court determines no hearing is necessary and will rule based on the parties' written memoranda.  *See* DUCivR 7-1(g).

payments received.  (Mot. 1–2, Doc. No. 114.)  AVT now seeks an order, pursuant to Rule 69 of the Federal Rules of Civil Procedure, charging Olivet University's interest in four New York limited liability companies ("LLCs"),[4] to the payment of the unsatisfied amount of the Judgment. (*Id.*)

Olivet University filed an untimely objection.[5]  (Def.'s Opp'n to Mot. for Contempt and for Sanctions ("Opp'n"), Doc. No. 129.)  Olivet University filed its opposition almost five months after AVT filed its motion, even though oppositions are due fourteen days after service of the motion, unless otherwise ordered.  *See* DUCivR 7-1(A)(4)(D).  However, shortly after AVT filed its motion, Olivet University's counsel withdrew.  (*See* Mot. to Withdraw as Counsel, Doc. No. 117; Order Granting Mot. to Withdraw as Counsel, Doc. No. 124.)  In light of this change of counsel while AVT's motion was pending, and where the court permitted AVT to reply, the opposition will be considered.

In its opposition, Olivet University argues the court lacks jurisdiction to enter the charging order because it lacks personal jurisdiction over the four LLCs at issue.  (Opp'n 1–2, Doc. No. 129.)  Olivet University represents that the four LLCs are organized under the State of New York and conduct no business in the State of Utah.  (*Id.* at 2.)  Olivet University also seeks dismissal of the motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  (*Id.* at 3.)

---

[4] Dover Greens, LLC; Christian Servicing, LLC; 4 Temby Drive, LLC; Dover Wingdale Properties, LLC.  (Mot. 2, Doc. No. 114.)

[5] It is drafted as an opposition to Plaintiff's motion for a charging order, but is entitled Defendant's Opposition to Motion for Contempt and Sanctions.

The court ordered AVT to address the jurisdictional issues raised by Olivet University. (Docket Text Order, Doc. No. 130.)  In its reply, AVT argues lack of personal jurisdiction (the only objection raised in the opposition), is not a legitimate basis to deny its motion.  (Reply Supporting Pl.'s Application for Charging Order ("Reply") 3, Doc. No. 134.)

<u>LEGAL STANDARD</u>

According to Rule 69 of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise.  The procedure on execution . . . must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  Fed. R. Civ. P. 69(a)(1).  No federal statute applies here; thus, where this court is located in Utah, the procedure must accord with Utah's laws and procedures. *See Vision Mktg. Res., Inc. v. McMillin Grp., LLC*, No. 10-2252, 2015 U.S. Dist. LEXIS 91873, at *7–8 (D. Kan. May 8, 2015) (unpublished); *cf. German Am. Capital Corp. v. Morehouse*, No. 13-296, 2017 U.S. Dist. LEXIS 124422, at *4–5 (D. Md. Aug. 4, 2017) (unpublished).

Pursuant to Utah statute, "[o]n application by a judgment creditor of a member or transferee, a court may enter a charging order against the transferable interest of the judgment debtor for the unsatisfied amount of the judgment."  Utah Code Ann. § 48-3a-503(1).  In general, "a charging order constitutes a lien on a judgment debtor's transferable interest" and simply "requires the limited liability company to pay over to the person to which the charging order was issued any distribution that otherwise would be paid to the judgment debtor."  *Id.*

<u>ANALYSIS</u>

Olivet University's sole objection to AVT's motion is based on the alleged lack of personal jurisdiction over four nonparty LLCs.  As an initial matter, Olivet University has not established it has standing to object on behalf of these four entities.

3

Personal jurisdiction "represents a restriction on the judicial power . . . as a matter of individual liberty, so . . . the defense of personal jurisdiction can be waived or even estopped." *Estate of Cummings v. Cmty. Health Sys.*, 881 F.3d 793, 799 (10th Cir. 2018) (internal quotation marks omitted). Because of this, many courts have found "a lack of personal jurisdiction can only be raised by the affected party." *Feeding v. Corey Cattle Co.*, No. 1:19-cv-02541, 2020 U.S. Dist. LEXIS 260813, *7 (D. Colo. Aug. 14, 2020) (unpublished); *see also Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158, 2011 U.S. Dist. LEXIS 85568, *22 (D. Kan. Aug. 3, 2011) (unpublished) (overruled on other grounds by 535 Fed. App'x 653 (10th Cir. 2013)) ("A lack of personal jurisdiction can usually be raised only by the affected party."); *Baldwin v. Pelican Reef Mgmt.*, No. 18-cv-00586, 2019 U.S. Dist. LEXIS 178021, at *6 (D. Colo. July 25, 2019) (unpublished) (questioning whether defendants have standing to assert personal jurisdiction arguments on behalf of nonparties).

Olivet University cites no authority supporting the idea that it has standing to raise personal jurisdiction challenges on behalf of the four entities at issue. The entities themselves could choose not to contest personal jurisdiction or to waive any challenge to it. Olivet University's failure to establish it has standing to challenge personal jurisdiction on behalf of non-objecting third parties requires the court to reject its arguments and opposition. *See Sec. & Exch. Comm'n v. Brogdon*, No. 15-8173, 2021 U.S. Dist. LEXIS 125703, at *15–17 (D.N.J. July 2, 2021) (unpublished) (rejecting personal jurisdiction argument without reaching the merits where the judgment creditor/defendant attempted to assert the argument on behalf of a third party). Accordingly, Olivet University's personal-jurisdiction argument—the sole argument it raises—is rejected because it has not established it has standing to assert it.

Where Olivet University lacks standing to argue personal jurisdiction on a third-party's behalf, it is unnecessary to proceed further. However, even assuming Olivet University had standing to object on behalf of the four entities at issue, jurisdiction would be proper. Although this appears to be an open issue in the courts in the State of Utah and in the District of Utah, (*see* Reply 4 n.3, Doc. No. 134), courts in districts with similar legal frameworks have found jurisdiction to be proper in comparable circumstances. For instance, the District of Kansas concluded that even though it lacked personal jurisdiction over a nonparty foreign LLC and in rem jurisdiction over the LLC's membership interest, it could enter a charging order against the LLC member interest of the judgment debtor. *Vision Mktg. Res., Inc.*, 2015 U.S. Dist. LEXIS 91873, at *9–13. The rationale for this is that "the LLC has no right or direct interest affected by the charging order." *Id.* at *13. Instead, it is the "judgment debtor's interest in and right to future distributions of the LLC that is being charged." *Id.* As far as the LLC is concerned, "it is business as usual except that any distributions to the member subject to the charging order are diverted to the judgment creditor." *Id.* at *12 (internal quotation marks omitted). In other words, to enter a charging order, the court need only have jurisdiction over the member of the LLC who is the judgment debtor (here, Olivet University), not the company itself.

This rationale is persuasive, as it aligns with Utah's charging order statute.[6] Under Utah law, a charging order is a lien on a transferable interest. *See* Utah Code Ann. § 48-3a-503(1). It does not force or require any distribution from the LLC. (*Id.*) In this case, the charging order would simply require "the limited liability company to pay over" to AVT "any distribution that

---

[6] Olivet University argues Utah law does not deprive the member of any exemption laws—including Utah's exemption laws, or exemption laws in the state where the limited liability companies are organized or conduct business. (Opp'n 2–3, Doc. No. 129.) Olivet University argues this implies Utah lacks jurisdiction, but fails to articulate how this feature of Utah law impacts the question of jurisdiction in any meaningful way.

otherwise would be paid" to Olivet University.  (*Id.*)  Even in the case of a foreclosure, "the purchaser at the foreclosure sale only obtains the transferable interest, does not thereby become a member, and is subject to Section 48-3a-502." *Id.* § 48-3a-503(3).  Section 502 contains further limitations.  It states that a transfer of a transferable interest does not permit the transferee to participate in the management of the LLC's activities or, generally, to access to records and information.  *Id.* § 48-3a-502(1)(c).  Likewise, a transfer "does not by itself cause a member's dissociation or a dissolution and winding up of the limited liability company's activities and affairs." *Id.* § 48-3a-502(1)(b).  Instead, the transferee "has the right to receive, in accordance with the transfer, distributions to which the transferor would otherwise be entitled," *id.* § 48-3a-502(2), while Olivet University would generally "retain[] the rights of a member other than the transferable interest transferred and retain[] all the duties and obligations of a member," *id.* § 48-3a-502(7).

Olivet University relies on two primary cases in support of its argument that the court must have personal jurisdiction over the LLCs before issuing a charging order: *O'Neal v. CDB American Franchise System*, No. 8:20-cv-936, 2021 U.S. Dist. LEXIS 157684, at *1 (M.D. Fla. Aug. 20, 2021) (unpublished) and *Steamfitters Union v. Direct Air, LLC*, No. 18-1611, 2020 U.S. Dist. LEXIS 193546, at *1 (E.D. Pa. Oct. 19, 2020) (unpublished).  But neither case warrants a denial of the charging order where no LLC has objected on personal jurisdiction grounds, and the court has personal jurisdiction over Olivet University.

In *O'Neal*,[7] the court based its denial of the motion for a charging order on Florida law stating "Florida courts do not have in rem or quasi in rem jurisdiction over foreign property."

---

[7] The court later granted the charging order based on a finding of sufficient contacts. *O'Neal v. Am. Franchise Sys.*, No. 8:20-cv-936, 2021 U.S. Dist. LEXIS 175249, at *2–3 (M.D. Fla. Sep. 15, 2021) (unpublished).

*O'Neal*, 2021 U.S. Dist. LEXIS 157684, at *2–3 (internal quotation marks omitted).  However, the courts entering charging orders implicating interest in LLCs base their analysis on the fact of personal jurisdiction over the member, not on a finding of *in rem* jurisdiction over the property. *See, e.g.*, *Vision Mktg. Res., Inc.*, 2015 U.S. Dist. LEXIS 91873, at *9–13.  This approach is generally consistent with Utah law.  For instance, the Utah Supreme Court distinguished between *in rem* and *in personam* jurisdiction, noting that "when a court has personal jurisdiction over the parties to a case, the court has jurisdiction to adjudicate the parties' interests in real property, even if the property is not located in that state." *Aequitas Enters., LLC v. Interstate Inv. Grp., LLC*, 2011 UT 82, ¶ 10, 267 P.3d 923.  Although the court in that case addressed real property rather than intangible personal property, the rationale supports the issuance of a charging order in this case, particularly where concept has since been more broadly applied.  *See Brady v. Park*, 2019 UT 16, ¶ 114, 45 P.3d 395 (relying on *Aequitas Enters., LLC* to assert jurisdiction over a party's IRA assets).  Thus, it is unnecessary for the court to have *in rem* jurisdiction over the LLCs at issue before entering charging order addressing Olivet University's property interest.[8]

     *Steamfitters Union* is similarly distinguishable.  The court in *Steamfitters Union* denied a motion for a charging order after finding it lacked jurisdiction over an LLC.  *Steamfitters Union*, 2020 U.S. Dist. LEXIS 193546, at *2.  The plaintiffs asked the court to order all the judgment debtor's distributions, including proceeds from a sale of real property in the forum state owned by the LLC, be awarded to plaintiffs.  *Id.* at *4–5.  The court explained that any sale proceeds belonged to the LLC, not its members.  *Id.* at *10–11.  After finding it lacked personal jurisdiction over the LLC at issue, the court noted Pennsylvania law was silent as to whether a

---

[8] A transferable interest is personal property.  Utah Code Ann. § 48-3a-501.

court could "enter an order charging the interests of members of a foreign limited liability company in the absence of personal jurisdiction over the company." *Id.* at *8.

The court declined to follow *Vision Marketing Resources, Inc.* (relied on above), and similar cases, finding they were based on policy considerations rather than jurisdictional requirements. *Id.* at *9. Looking at the practical implications of a charging order, the court noted that to attach the membership interest, the sheriff must serve the LLC (as garnishee) with a writ of execution—which would require the garnishee to be subject to *in personam* jurisdiction. *Id.* at *11. Where no such jurisdiction was present, the court found it lacked authority to enter the charging order. *Id.* at *12. Here, AVT seeks an order as to Olivet University's interests, not proceeds owned by the LLCs. Further, AVT does not seek a writ of attachment or writ of execution, and no party has represented that effectuating the charging order would require any formal seizure or attachment by a Utah state official.

It is consistent with Utah's statutory structure to find the court need only have jurisdiction over the judgment debtor in order to enter a charging order against the judgment debtor's interest. And as noted above, this question is not even necessary to answer where Olivet University failed to establish it has standing to challenge the court's personal jurisdiction over the four nonparty LLCs.

Lastly, to address the motion to dismiss contained in Olivet University's opposition, pursuant to the Local Rules of Civil Practice, "[a] party may not make a motion . . . or a cross-motion in a response or reply." DUCivR 7-1(a)(3). Where Olivet University did not separately make a motion to dismiss, it is not properly before the court. The undersigned recommends the motion be terminated as improperly raised.

<u>RECOMMENDATION</u>

Where Olivet University did not establish it has standing to challenge the court's personal jurisdiction over the four entities at issue (and where, alternatively, the court has authority to enter a charging order against the judgment debtor's interest), the undersigned RECOMMENDS the district judge grant the charging order. Because Olivet University's motion to dismiss is not properly before the court, the undersigned RECOMMENDS the motion be terminated. The court will send this Report and Recommendation to all parties, who are notified of their right to object to it. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b). Any failure to object within fourteen days of service may constitute a waiver of objections upon subsequent review. *Id.*

DATED this 31st day of January, 2022.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge