FILED
2022 MAR 30 AM 10:15
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVT – NEW YORK, L.P., <br><br> Plaintiff, <br><br> v. <br><br> OLIVET UNIVERSITY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR CONTEMPT SANCTIONS <br><br> Case No. 2:18-cv-00782-JNP-DAO <br><br> District Judge Jill N. Parrish |

Before the court is plaintiff AVT – New York, L.P.'s motion for contempt sanctions against Olivet University and three of its officers. ECF No. 113. The court DENIES the motion.

**BACKGROUND**

AVT loaned money to Olivet to purchase computer servers, office equipment, and a modular home.[1] AVT sued Olivet after it stopped making payments on the loan. Olivet did not answer AVT's complaint, and the court entered a default judgment in favor of AVT. In the judgment, the court ordered Olivet "to immediately return" the servers, the office equipment, and the modular home to AVT.

The computer servers and office equipment were located in California, while the modular home was located in New York. Sometime in 2020 or 2021, AVT domesticated the judgment in a California federal court in order to seize the equipment located in that state. But because of a statewide lockdown caused by the COVID-19 pandemic, the U.S. Marshalls were unable to assist AVT in seizing the property at that time. In June 2021, AVT emailed Olivet and asked it to allow

---

[1] Although he transaction was labelled as a lease, in substance, it was a financing agreement

a moving team to enter its campus in Riverside, California and remove the computer servers and the office equipment. Olivet responded that it was unwilling to allow a moving team to enter the campus because the campus was on lockdown due to a COVID-19 virus outbreak.

In July 2021, AVT filed a motion for contempt sanctions. It argued that Olivet was in contempt of this court's judgment, which ordered Olivet to return the servers, office equipment and modular home to AVT. It asked the court to order that three of Olivet's officers—its president, its CFO, and its COO—be imprisoned until Olivet returned the equipment. Additionally, AVT requested an order that Olivet pay a daily fine of $10,000 until the equipment was returned.

After AVT filed its motion, Olivet agreed to allow AVT to pick up the computer servers. But AVT changed its position and demanded that Olivet shoulder the cost of shipping the servers to its headquarters in Utah. Olivet agreed to this condition. It wiped the servers in conformity with California law and shipped the servers to Utah in December 2021. Unsatisfied with the return of the servers, AVT continued to press its demand that the court imprison Olivet's officers and order Olivet to pay a $10,000 daily fine until the university returns the office equipment located in California and the modular home located in New York, apparently by transporting the items to Utah at great expense.

## ANALYSIS

Federal courts have the power to punish a party for disobeying a lawful order: "A court of the United States shall have power to punish by fine or imprisonment, or both, *at its discretion* . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (emphasis added). A party requesting sanctions for contempt of a court order "has the burden of proving, by clear and convincing evidence, [1] that a valid court order existed, [2] that the defendant[s] had knowledge of the order, and [3] that the defendant[s] disobeyed the order." *F.T.C.*

2

*v. Kuykendall*, 371 F.3d 745, 756–57 (10th Cir. 2004) (en banc) (alterations in original) (citation omitted).

A party potentially subject to a contempt order is entitled to notice and an opportunity to be heard prior to the imposition of sanctions. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995). Here, the court denies AVT's motion for sanctions for two reasons. Because the court determines from the briefing that AVT has failed to show that the court should impose contempt sanctions, no hearing on the motion is required.

First, AVT has failed to prove by clear and convincing evidence that Olivet disobeyed the court's order. Although the default judgment orders Olivet to return the office equipment and the modular home to AVT, the judgment does not specify how or where this return of possession should be effectuated. Thus, there is no clear order from this court requiring Olivet to deliver the equipment to Utah. AVT offered to collect the equipment from the California campus only once, and Olivet declined to allow repossession at that time due to a COVID-19 outbreak on the campus. AVT has not presented any evidence that it ever offered to take possession of the modular home in New York. After AVT's only offer to collect the equipment in California was hampered by a COVID-19 lockdown, AVT then demanded that Olivet return all of the equipment to Utah at Olivet's expense. Absent evidence that Olivet refused to allow AVT to collect the California equipment once the lockdown had terminated, and absent evidence that Olivet refused to allow AVT to take possession of the modular home in New York, AVT has failed to show by clear and convincing evidence that Olivet refused to obey the court's order.

Second, the court declines to exercise its substantial contempt powers to aid AVT in its efforts to enforce the judgment. Federal courts have the discretion to issue contempt orders but are not required to do so. 18 U.S.C. § 401; *see also Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1231 (10th

Cir. 2001) ("A district court may exercise broad discretion in using its contempt power to assure compliance with its orders."). The court chooses not to issue a sanction order here because AVT has other tools at its disposal to enforce the judgment. Although the court's judgment contains a sentence ordering Olivet to return specific items of property, at bottom, the document is a judgment. AVT is able to employ the normal procedures for enforcing the judgment, including, as it has already done in a California federal court, domesticating the judgment in another district and pursuing enforcement in that court. But, in an obvious attempt to intimidate Olivet and its officers with threats of imprisonment and crippling sanctions, AVT seeks to short circuit the normal channels for enforcing a judgment. AVT has not cited caselaw for the proposition that a civil contempt order under § 401 is a preferred or commonly accepted method of carrying out decrees found in a final judgment. At any rate, this court declines to be the court of first resort for AVT's collection efforts through its contempt powers.

Accordingly, the court denies AVT's motion for sanctions.

DATED March 30, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge