FILED
2022 MAR 30 AM 10:15
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVT – NEW YORK, L.P., <br><br> Plaintiff, <br><br> v. <br><br> OLIVET UNIVERSITY, <br><br> Defendant. | ORDER OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION <br><br> Case No. 2:18-cv-00782-JNP-DAO <br><br> District Judge Jill N. Parrish |

Judgment debtor Olivet University is a member of four limited liability companies (LLCs) located in New York—two of which were formed under New York law and two of which were formed under Delaware law. Judgment creditor AVT – New York, L.P. moved for an order from this court charging Olivet's interest in these LLCs. Under Utah law, which the court must apply pursuant to Rule 69 of the Federal Rules of Civil Procedure, a charging order requires an LLC to pay any distributions to the judgment creditor rather than the judgment debtor. UTAH CODE § 48-3a-503. Olivet filed an opposition to AVT's motion, arguing that the court lacked the authority to enter a charging order because it did not have personal jurisdiction over the four foreign LLCs. Magistrate Judge Daphne A. Oberg issued a Report and Recommendation (R&R) that this court grant the motion for a charging order. In the R&R, Judge Oberg rejected Olivet's personal jurisdiction argument.

Olivet filed an objection to the R&R. The court reviews de novo the portions of the R&R to which Olivet has objected. FED. R. CIV. P. 72(b)(3).

I.   **WAIVED OBJECTIONS**

The court first notes that Olivet raised a number of new arguments in its objection. Under the headings, "Charging Orders Are Created by State Law" and "Charging Orders Are Creations of State Law," Olivet argues that Utah law does not permit courts to enter charging orders against LLCs formed in other states. Because this argument was raised for the first time in Olivet's objection to the R&R, it is waived. See *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). Accordingly, the court need not address this argument.[1]

II.   **OTHER OBJECTIONS**

Olivet raised a number of other objections to the R&R. The court overrules these objections.[2]

The R&R concluded that Olivet lacked standing to raise a personal jurisdiction argument on behalf of the out-of-state LLCs. Citing *United States v. All Assets of Doraville Properties Corp.*, 299 F. Supp. 3d 121, 130 (D.D.C. 2018), Olivet argues that it does have standing to raise the personal jurisdiction issue. But *Doraville Properties* deals with Article III standing to challenge the forfeiture of assets by the United States. It says nothing about a judgment debtor's authority,

---

[1] The court notes, however, that Olivet did not cite any cases or statutes directly supporting its argument.

[2] In its opposition to AVT's motion for a charging order, Olivet stated: "By this Objection, Defendant also seeks dismissal of the AVT Application for a charging order on the grounds that pursuant to Federal Rule of Civil Procedure 12(b)(2), this Court lacks personal jurisdiction over the 4 LLC Entities." In the R&R, Judge Oberg notes that this purported motion was not properly before the court because it was imbedded in a response brief. *See* DUCivR 7-1(a)(3) ("A party may not make a motion . . . or a cross-motion in a response or reply."). In its objection, Olivet denies making a Rule 12(b)(2) motion in its response brief. Because Olivet has disclaimed any motion made in its response brief, the court need not address this issue.

or lack thereof, to raise a personal jurisdiction objection on behalf of nonparties. Absent any relevant authority calling into question the R&R's conclusion that Olivet lacks standing to raise a personal jurisdiction argument on behalf of the LLCs, the court overrules this objection.

Additionally, the R&R cited *SEC v. Brogdon*, No. CV 15-8173 (KM), 2021 WL 2802153, at *5–6 (D.N.J. July 2, 2021), *aff'd*, No. 21-1116, 2021 WL 6754278 (3d Cir. Nov. 19, 2021), in which a New Jersey district court ruled that a judgment debtor lacked standing to assert a personal jurisdiction argument on behalf of third-party garnishees. Olivet objects, arguing that *Brogdon* does not apply because different rules apply to the SEC regarding subpoenas issued under Rule 45 of the Federal Rules of Civil Procedure. But Olivet does not explain how rules regarding subpoenas would affect the *Brogdon* court's reasoning that a judgment debtor cannot raise personal jurisdiction objections on behalf of a third party. Without any argument as to why the reasoning of *Brogdon* is unpersuasive or inapplicable, the court overrules this objection.

Finally, the R&R cited two Utah cases for the proposition that if a court has personal jurisdiction over the parties to a case, the court also has jurisdiction to adjudicate the parties' interest in real property or intangible personal property located in another state. *See Aequitas Enterprises, LLC v. Interstate Inv. Grp., LLC*, 267 P.3d 923, 926 (Utah 2011); *Brady v. Park*, 445 P.3d 395, 423 (Utah 2019). Olivet objects, arguing that these cases are not relevant because they do not involve an interest in a separate legal entity, such as an LLC. The R&R, however, did not dispute that the foreign LLCs are separate legal entities. The R&R reasoned that personal jurisdiction over the foreign LLCs in not required to issue an order affecting Olivet's property interest in its ownership share of the LLCs. Because Olivet does not address the distinction between the out-of-state LLCs and Olivet's ownership interest in those LLCs, the court overrules this objection as well.

## CONCLUSION AND ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The R&R, ECF No. 140, is ADOPTED IN FULL.

2. The court GRANTS AVT's motion for a charging order. ECF No. 113. The court will enter a separate charging order. [3]

DATED March 30, 2022.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[3] AVT represented that, after accounting for interest and amounts that Olivet has paid on the judgment, Olivet owed $3,496,413.34 on the judgment on the date that AVT filed the motion for a charging order. AVT requested that the charging order reflect this amount. Because Olivet did not object to this amount, the court will enter a charging order in the amount of $3,496,413.34. The court notes, however, that it does not have sufficient information to independently confirm this amount. The court, therefore, makes no binding determination as to the remaining amount owed on the judgment.