IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVT – NEW YORK, L.P., <br><br> Plaintiff, <br><br> v. <br><br> OLIVET UNIVERSITY, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING APPLICATION FOR WRIT OF REPLEVIN <br><br> Case No. 2:18-cv-00782-JNP-DAO <br><br> District Judge Jill N. Parrish |

Before the court is plaintiff AVT – New York, L.P.'s application for a writ of replevin. ECF No. 154. The court DENIES the application.

AVT loaned money to Olivet University to purchase computer servers, office equipment, and a modular home.[1] AVT sued Olivet after it stopped making payments on the loan. Olivet did not answer AVT's complaint, and on January 7, 2019, the court entered a default judgment in favor of AVT in the amount of $4,901,413.34. In the judgment, the court also issued a writ of replevin for the immediate return of the computer servers, the office equipment, and the modular home.

In December 2021, Olivet returned the servers to AVT by shipping them to Utah. AVT then sold the servers. It alleges that when it sold the servers, it discovered that Olivet had removed the original RAM cards from the servers and replaced them with inferior RAM cards. AVT asserts that it had to reduce the price of the servers by $12,157.13 due to the inferior quality of the replacement RAM cards.

---

[1] Although he transaction was labelled as a lease, in substance, it was a financing agreement

On June 13, 2022, AVT filed what it styled as an "Application for Writ of Replevin." It seeks two forms of relief. First, AVT requests that the court order a writ of replevin for the same office equipment and mobile home that were the subject of the writ of replevin issued in the judgment. But in the requested post-judgment writ of replevin, AVT asks the court to order Olivet to transport the office equipment and the mobile home to an address in Utah at Olivet's expense—a condition that is not found in the original writ of replevin. Second, AVT seeks an order for the return of the RAM cards removed from the servers or, in the alternative, damages in the amount of $12,157.13.

The court denies AVT's first request for a writ of replevin for the office equipment and the mobile home. AVT fully litigated its claim for a writ of replevin for these items and obtained a final judgment on this claim over three years ago. It now effectively requests an opportunity to relitigate this claim in order to obtain a different outcome. But AVT did not invoke Rule 59, Rule 60, or any other rule found in the Federal Rules of Civil Procedure to justify reopening the litigation of this claim. Absent one of the narrow justifications permitted under these rules, AVT may not reopen the litigation of this claim. *See Kruskal v. Martinez*, 429 F. Supp. 3d 1012, 1022 (D.N.M. 2019) (outside of the exceptions articulated in Rules 50, 52, 59, and 60, courts do not have the authority to revise a judgment).

The court also denies AVT's request for a specific order for the return of the original RAM cards. Because these items were part of servers that were the subject of the existing writ of replevin, the writ issued in the final judgment encompasses the RAM cards. Accordingly, the request for an additional writ of replevin is unnecessary. For the same reasons articulated above, moreover, AVT has not shown that the court has the authority to issue a new writ of replevin that differs from the writ issued in the final judgment. Finally, because AVT's request for damages is in the alternative

to the return of the RAM cards, the court need not consider it at this juncture. If AVT can show that execution of the writ of replevin for the RAM cards is impossible, it may attempt to justify an award of damages.

DATED October 24, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge