UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AVT-NEW YORK, L.P., a Utah limited partnership,<br><br>       Plaintiff,<br><br>v.<br><br>OLIVET UNIVERSITY, a California corporation,<br><br>       Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE MOTION FOR DISCOVERY AND TO PROHIBIT TRANSFER OF PROPERTY (DOC. NO. 155)**<br><br>Case No. 2:18-cv-00782<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff and judgment creditor AVT-New York, L.P., has filed an Ex Parte Motion for Discovery from Olivet University and to Prohibit Transfer of Olivet University's Property.[1] AVT seeks an order compelling the defendant and judgment debtor, Olivet University, to produce specified post-judgment discovery in an effort to collect on AVT's outstanding default judgment against Olivet.[2] AVT also seeks an order prohibiting Olivet from transferring its assets until the judgment is paid.[3] Olivet opposes the motion.[4]

Because post-judgment discovery is broadly permitted as to a judgment-debtor's assets and finances but restraint of a judgment-debtor's assets must be supported by a proper affidavit,

---

[1] (Pl.'s Ex Parte Mot. for Disc. and to Prohibit Transfer of Olivet's Property ("Mot."), Doc. No. 155.)

[2] (*Id.* at 4.)

[3] (*Id.* at 8–9.)

[4] (Def.'s Opp'n to Pl.'s Ex Parte Disc. Mot. ("Opp'n"), Doc. No. 157.)

1

the motion is granted in part and denied in part.[5] AVT is authorized to conduct post-judgment discovery and to issue deposition notices and discovery requests to Olivet. But AVT's request to prohibit any transfer of Olivet's property is denied, as it is insufficiently supported.

## BACKGROUND

On January 7, 2019, the court entered a default judgment against Olivet in the amount of $4,901,413.34.[6] AVT represents that as of May 31, 2022, $5,466,172.85 remained due (factoring in post-judgment interest but excluding attorney fees and costs).[7] AVT is engaged in ongoing efforts to collect on the judgment and gather information related to Olivet's assets.[8] These efforts include judgment-debtor examinations in Utah and California,[9] writs of garnishment against Olivet's assets issued to various financial institutions[10] and, most recently, an order charging Olivet's interest in four New York limited liability companies.[11]

---

[5] No hearing is necessary; this ruling is based on the parties' written memoranda. *See* DUCivR 7-1(g).

[6] (*See* J. Against Olivet Univ., Doc. No. 13; Corrected J. Against Olivet Univ., Doc. No. 24 (correcting judgment date only).)

[7] (Mot. 1, Doc. No. 155.)

[8] (*See id.* at 1–4 (summarizing AVT's collection efforts).)

[9] (*See id.* at 1–3 (outlining the timeline for the Utah judgment debtor examinations as well as the California examination); *see also* Order Granting Mot. for J. Debtor Exam, Doc. No. 21; Order Granting Second Exam Mot., Doc. No. 29; Order Granting Third Exam Mot., Doc. No. 80.)

[10] (*See* PayPal Writs of Garnishment, Doc. Nos. 87, 89; JP Morgan Chase Bank Writ of Garnishment, Doc. No. 92; Wells Fargo Writ of Garnishment, Doc. No. 94; Bank of America Writ of Garnishment, Doc. No. 96.)

[11] (*See* Charging Order, Doc. No. 145 (charging the following LLCs: Dover Greens, LLC, Christian Servicing, LLC, 4 Temby Drive, LLC, Dover Wingdale Properties, LLC); *see also* Pl.'s Mot. for Charging Order 2, Doc. No. 114 (identifying New York as the location for these LLCs).)

According to AVT, most of these efforts have borne little to no success.[12] AVT argues Olivet has been noncompliant with previous orders and has provided false financial information—and that it needs updated documents and financial records to continue its collection efforts.[13] For these reasons, AVT seeks post-judgment discovery from Olivet and seeks to prohibit Olivet from transferring assets until the judgment is satisfied.[14]

For its part, Olivet contends AVT's motion should be denied in its entirety.[15] Specifically, Olivet argues discovery should only be ordered pursuant to Rule 37,[16] after requests for production and depositions notices have been issued.[17] In the alternative, Olivet argues AVT's motion is overbroad. Olivet maintains AVT's requests must be limited in temporal scope, arguing no witness should be required to search out documents more than two years old.[18]

## LEGAL STANDARDS

Rule 69 of the Federal Rules of Civil Procedure provides that procedures and proceedings "supplementary to and in aid of judgment or execution [] must accord with the procedure of the state where the court is located."[19] The rule permits a judgment creditor to obtain discovery

---

[12] (Mot. 5, Doc. No. 155.)

[13] (*Id.* at 1, 5.)

[14] (*Id.* at 1.)

[15] (Opp'n 2, Doc. No. 157.)

[16] *See* Fed. R. Civ. P. 37.

[17] (Opp'n 3, Doc. No. 157.)

[18] (*Id.*; *see also* Pl.'s Reply to Opp'n 3–4, Doc. No. 159.)

[19] Fed. R. Civ. P. 69(a)(1).

from any person pursuant to these federal and state rules.[20]  Moreover, Rule 64 specifies that judgment creditors may use every remedy "under the law of the state where the court is located . . . for seizing a person or property to secure satisfaction of the potential judgment."[21]

Where this court is located in Utah, Utah's rules apply.  Under Rule 64 of the Utah Rules of Civil Procedure, courts "may conduct hearings as necessary to identify property and to apply the property toward the satisfaction of the judgment or order. Witnesses may be subpoenaed to appear, testify and produce records."[22]  Utah's Rule 64 also authorizes courts to "permit discovery"[23] and to restrain or "forbid any person from transferring, disposing or interfering with the property."[24]

## ANALYSIS

### A. AVT May Seek Post-Judgment Discovery from Olivet

AVT's request for post-judgment discovery from Olivet is contemplated under Rule 69 of the Federal Rules of Civil Procedure and Rule 64 of the Utah Rules of Civil Procedure.[25] However, rather than order production outright, AVT is authorized to proceed with discovery

---

[20] Fed. R. Civ. P. 69(a)(2).

[21] Fed. R. Civ. P. 64(a).

[22] Utah R. Civ. P. 64(c)(2).

[23] *Id.*

[24] Utah R. Civ. P. 64(c)(3).

[25] *See* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); Utah R. Civ. P. 64(c)(2) (authorizing courts to "permit discovery" in post-judgment proceedings).

and permitted to issue deposition notices and discovery requests as it would in the normal course of discovery.[26]

The scope of post-judgment discovery is broad,[27] as it is governed by Rule 26 of the Federal Rules of Civil Procedure.[28] Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[29] In the post-judgment context, the discovery sought must be "relevant to the existence or transfer of the judgment debtor's assets."[30] Additionally, Rule 69 permits parties to use any of the discovery devices provided in the Federal Rules of Civil Procedure.[31]

---

[26] *See* Fed. R. Civ. P. 45.

[27] *See United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (describing the scope of post-judgment discovery as "very broad"); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (same); *Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-00940, 2013 U.S. Dist. LEXIS 141856, at *5 (D. Utah Sept. 29, 2013) (unpublished) ("The rules governing discovery are to be accorded a broad and liberal treatment. This is true whether the discovery is part of pretrial or post-judgment proceedings." (internal quotation marks omitted) (citation omitted)).

[28] *See Republic of Arg. v. NML Capital, Ltd.*, 573 U.S. 134, 139 (2014).

[29] Fed. R. Civ. P. 26(b)(1).

[30] *ZooBuh, Inc. v. Better Broad., LLC,* No. 2:11-cv-00516-DN, 2017 U.S. Dist. LEXIS 62061, at *4 (D. Utah Apr. 24, 2017) (unpublished).

[31] *See* Fed. R. Civ. P. 69, advisory committee's note to 1970 amendment ("The amendment assures that, in aid of execution on a judgment, all discovery procedures provided in the rules are available . . . as a matter of policy, Rule 69 should authorize the use of all discovery devices provided in the rules."); *United States v. McWhirter*, 376 F.2d 102, 106 (5th Cir. 1967) (holding that post-judgment discovery should not be limited in the manner it may be sought and doing so restricts the functional utility of Rule 69); *see also In re Clerici*, 481 F.3d 1324, 1336 n.17 (11th Cir. 2007) ("[Rule 69] authorizes a judgment creditor to obtain post-judgment discovery from any person using all the discovery devices provided in the Federal Rules or by state practice."); *TVB Holdings (USA), Inc. v. HTV Int'l Ltd.*, No. 16-cv-1489 (DLI)(PK), 2018 U.S. Dist. LEXIS 41323, at *24 (E.D.N.Y. Mar. 9, 2018) (unpublished) ("Federal Rule of Civil Procedure 69 authorizes judgment creditors to obtain post-judgment discovery and permits wide latitude in using the discovery devices provided by the Federal Rules." (internal quotation marks omitted)).

AVT seeks discovery from Olivet in the form of document requests and depositions.[32] In particular, AVT seeks discovery related to Olivet's bank statements, tax returns, profit and loss statements, balance sheets, real or personal property, organization and structure, distributions made to or from Olivet by or to any entity, payments made to or from Olivet to any entity, transfer of any assets to or from Olivet, accounting software, programs, files, or other documents that may identify the value and physical location of Olivet's property, accounts or other assets, and any other documents that may help identify the identity, value, amount, or location of any real or personal property belonging to Olivet.[33]

The discovery sought is both contemplated and proper under federal Rule 69 and Utah's Rule 64. The specific discovery AVT seeks is relevant to determining the status of Olivet's assets and any asset transfers. Moreover, it appears AVT has sufficiently limited the scope of its requests by including timeframes for many of the requested categories of information,[34] although this issue was not fully briefed or developed.

However, to the extent AVT asks the court to *order* Olivet to produce the specific discovery it seeks rather than to *permit* post-judgment discovery, AVT's motion is premature.[35]

---

[32] (Mot. 5–7, Doc. No. 155.)

[33] (*Id.* at 7.)

[34] (*See id.* at 6–7 (including periods such as "back to January, 2019," "from February 2020 to the Present," or asking for information from specific years/months).) Where AVT seeks to supplement the information it already has regarding Olivet's finances, and where no payment has been made toward the judgment in a number of years, the timeframes provided by AVT appear appropriately limited.

[35] (*See id.* at 5–7, 9 (stating, "Olivet should be *ordered* to designate its officers and employees, who are competent to testify, and are 'most knowledgeable,' to prepare for and give testimony regarding the following deposition topics," "AVT requests that the Court *order* Olivet to produce certain categories of documents within 14 days of entry of the order granting this Motion," and "AVT respectfully requests that the Court grant its Motion, and to *order* Olivet to produce the

Once AVT issues discovery requests and deposition notices consistent with this order, Olivet must respond or object as appropriate and permitted under the discovery rules.[36] And in the event Olivet does not comply with AVT's requests, AVT may seek an order compelling Olivet to produce discovery under Rule 37 of the Federal Rules of Civil Procedure.[37]

In sum, AVT is authorized to seek post-judgment discovery from Olivet pursuant to federal Rule 69 and Utah's Rule 64.  AVT may issue deposition notices and discovery requests, and Olivet must respond, or otherwise object, as required by the federal rules governing discovery.[38]  If Olivet fails to cooperate or comply with the process, AVT may move to compel.[39]

### B. AVT's Request to Restrain Olivet's Assets Is Unsupported

AVT next asks the court to prohibit Olivet from transferring property on the grounds that Olivet has "attempted to avoid its obligations to AVT" and "engaged in a broad-ranging scheme to secret its assets and to avoid its obligations."[40]  Olivet's opposition does not address this issue.[41]  AVT's request is denied because it is not properly supported.

---

above-requested documents [and] to attend a deposition and answer questions regarding the above-requested topics") (emphasis added).)

[36] *See* Fed. R. Civ. P. 34(b).

[37] *See* Fed. R. Civ. P. 37(a)(3).

[38] *See* Fed. R. Civ. P. 34(b)(2).

[39] *See* Fed. R. Civ. P. 37(a).

[40] (Mot. 8, Doc. No. 155.)

[41] (*See generally* Opp'n, Doc. No. 157; *see also* Pl.'s Reply to Opp'n 3–4, Doc. No. 159.)

The District of Utah's local rule governing post-judgment supplemental proceedings permits a judgment creditor to "request that the debtor or other person be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the [judgment creditor]'s interest."[42]  However, the rule requires this request to be made "on proper affidavit."[43]  AVT's motion is deficient because it did not file an affidavit supporting its request for restraint of Olivet's assets as required by the local rule.  Accordingly, the motion is denied as to the issue of restraining Olivet's assets.

## CONCLUSION

AVT's motion seeking discovery from Olivet University and to prohibit the transfer of Olivet's assets[44] is granted in part and denied in part.  Insofar as AVT requests authorization to conduct post-judgment discovery against Olivet, its motion is GRANTED.  AVT is authorized to issue deposition notices and discovery requests.  However, insofar as AVT asks the court to prohibit Olivet from transferring assets, the motion is DENIED.

DATED this 18th day of November, 2022.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[42] DUCivR 69-1(a).

[43] *Id.*

[44] (Doc. No. 155.)