UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| AVT-NEW YORK, L.P., a Utah limited partnership,<br><br>      Plaintiff,<br><br>v.<br><br>OLIVET UNIVERSITY, a California corporation,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DISCOVERY FROM DOVER GREENS, LLC AND TO PROHIBIT TRANSFER OF PROPERTY (DOC. NO. 153)**<br><br>Case No. 2:18-cv-00782<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is an Ex Parte Motion for Discovery from Dover Greens, LLC and to Prohibit Transfer of Olivet University's Property, filed by Plaintiff (and judgment creditor) AVT-New York, L.P.[1] AVT seeks an order compelling Dover Greens, LLC, a nonparty foreign entity, to respond to post-judgment discovery in an effort to collect on AVT's outstanding default judgment against defendant (and judgment debtor) Olivet University.[2] AVT also seeks an order prohibiting Dover Greens from transferring any Olivet property in its possession until the judgment is paid.[3] While post-judgment discovery is broadly permitted as to a judgment-

---

[1] (Pl.'s Ex Parte Mot. for Disc. from Dover Greens and to Prohibit Transfer of Olivet's Property ("Mot."), Doc. No. 153.)

[2] (*See id.* at 3.)

[3] (*Id.* at 7–8.)

debtor's assets and finances, it is more restricted as to a third party's assets and finances.

Therefore, the motion is granted in part and denied in part.[4]

<u>BACKGROUND</u>

On January 7, 2019, the court entered a default judgment against Olivet in the amount of

$4,901,413.34.[5]  AVT represents that as of May 31, 2022, $5,466,172.85 remained due

(factoring in post-judgment interest but excluding attorney fees and costs).[6]  AVT is engaged in

ongoing efforts to collect on the judgment and gather information related to Olivet's assets.[7]

These efforts include judgment-debtor examinations in Utah and California[8] and writs of

garnishment against Olivet's assets issued to various financial institutions.[9]

Through its efforts, AVT learned Olivet has membership interests in four New York

limited liability companies ("LLCs") which may help satisfy the outstanding judgment.[10]  To this

---

[4] This ruling is based on the parties' written memoranda; no hearing is necessary.  *See* DUCivR 7-1(g).

[5] (*See* J. Against Olivet Univ., Doc. No. 13; Corrected J. Against Olivet Univ., Doc. No. 24 (correcting judgment date only).)

[6] (Mot. 2, Doc. No. 153.)

[7] (*See* Pl.'s Ex Parte Mot. for Disc. and to Prohibit Transfer of Olivet's Property 1–4, Doc. No. 155 (summarizing AVT's efforts to collect on its judgment).)

[8] (*See* Mot. 4, Doc. No. 153; *see also* Order Granting Mot. for J. Debtor Exam, Doc. No. 21; Order Granting Second Exam Mot., Doc. No. 29; Order Granting Third Exam Mot., Doc. No. 80.)

[9] (*See* Mot. 4, Doc. No. 153; *see also* PayPal Writs of Garnishment, Doc. Nos. 87, 89; JP Morgan Chase Bank Writ of Garnishment, Doc. No. 92; Wells Fargo Writ of Garnishment, Doc. No. 94; Bank of America Writ of Garnishment, Doc. No. 96.)

[10] (Mot. 2, 5, Doc. No. 153; *see also* Pl.'s Mot. for Charging Order 2, Doc. No. 114 (identifying New York as the location of the LLCs).)

end, AVT served a charging order on the LLCs, one of which is Dover Greens.[11]  As a result,

Olivet's interest in Dover Greens was charged to the payment of the unsatisfied judgment.[12]

Despite the charging order, AVT contends it has not received a single payment from Dover

Greens that otherwise would have been distributed to Olivet.[13]

According to AVT, Olivet's publicly available 990 IRS form indicates Dover Greens had

assets of $32,624,191 and an income of $1,094,264 in fiscal year 2020.[14]  AVT asserts that

public records show Dover Greens owns substantial real property, which operates as a campus

for Olivet, in the state of New York.[15]  Consequently, AVT believes any assets of Olivet held by

Dover Greens will be the most efficient means of obtaining a substantial payment on the

judgment.[16]  For these reasons, AVT seeks post-judgment discovery from Dover Greens and an

order prohibiting Dover Greens from transferring any Olivet assets it may possess.[17]

AVT filed this motion ex parte, without serving it on Dover Greens.[18]  No response or

opposition has been filed.

---

[11] (Charging Order, Doc. No. 145; Returns of Service, Doc. Nos. 148–150, 152.)

[12] (Charging Order, Doc. No. 145.)

[13] (Mot. 2, 4, Doc. No. 153.)

[14] (*Id.* at 5.)

[15] (*Id.*)

[16] (*Id.* at 2.)

[17] (*Id.* at 2–3.)

[18] The motion was served on Olivet.  (*See* Certificate of Service, Mot. 10, Doc. No. 153.)

## LEGAL STANDARDS

Rule 69 of the Federal Rules of Civil Procedure provides that procedures and proceedings "supplementary to and in aid of judgment or execution [] must accord with the procedure of the state where the court is located."[19]  The rule permits a judgment creditor to obtain discovery from any person pursuant to these federal and state rules.[20]  Moreover, Rule 64 specifies that judgment creditors may use every remedy "under the law of the state where the court is located . . . for seizing a person or property to secure satisfaction of the potential judgment."[21]

Where this court is located in Utah, Utah's rules apply.  Under Rule 64 of the Utah Rules of Civil Procedure, courts "may conduct hearings as necessary to identify property and to apply the property toward the satisfaction of the judgment or order.  Witnesses may be subpoenaed to appear, testify and produce records."[22]  Utah's Rule 64 also authorizes courts to "permit discovery"[23] and to restrain or "forbid any person from transferring, disposing or interfering with the property."[24]

---

[19] Fed. R. Civ. P. 69(a)(1).

[20] Fed. R. Civ. P. 69(a)(2).

[21] Fed. R. Civ. P. 64(a).

[22] Utah R. Civ. P. 64(c)(2).

[23] *Id.*

[24] Utah R. Civ. P. 64(c)(3).

<u>ANALYSIS</u>

**A.  AVT May Seek Post-Judgment Discovery Related to Olivet's Assets Under Rule 45**

AVT's request for post-judgment discovery from Dover Greens is contemplated under Rule 69 of the Federal Rules of Civil Procedure and Rule 64 of the Utah Rules of Civil Procedure.[25]  The harder questions are whether AVT's discovery requests are too broad in scope, and whether production should be ordered based solely on AVT's ex parte motion or whether AVT should, instead, proceed with discovery by subpoena under Rule 45 of the Federal Rules of Civil Procedure.[26]

The scope of post-judgment discovery is broad,[27] as it is governed by Rule 26 of the Federal Rules of Civil Procedure.[28]  Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[29]  In the post-judgment context, the discovery sought must be "relevant to the existence or transfer of the

---

[25] *See* Fed. R. Civ. P. 69(a)(2) ("In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located."); Utah R. Civ. P. 64(c)(2) (authorizing courts to "permit discovery" in post-judgment proceedings).

[26] *See* Fed. R. Civ. P. 45.

[27] *See United States v. Conces*, 507 F.3d 1028, 1040 (6th Cir. 2007) (describing the scope of post-judgment discovery as "very broad"); *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995) (same); *Mountain Dudes, LLC v. Split Rock, Inc.*, No. 2:08-cv-00940, 2013 U.S. Dist. LEXIS 141856, at *5 (D. Utah Sept. 29, 2013) (unpublished) ("The rules governing discovery are to be accorded a broad and liberal treatment.  This is true whether the discovery is part of pretrial or post-judgment proceedings." (internal quotation marks omitted) (citation omitted)).

[28] *See Republic of Arg. v. NML Capital, Ltd.*, 573 U.S. 134, 139 (2014).

[29] Fed. R. Civ. P. 26(b)(1).

5

judgment debtor's assets."[30]  Although post-judgment discovery extends to nonparties, it is limited to the financial affairs and assets of the judgment debtor.[31]  Post-judgment discovery of a nonparty's assets may also be permitted "upon a somewhat heightened showing of necessity and relevance."[32]  This heightened showing requires the moving party to present evidence of concealed or fraudulent transfers or an alter ego relationship between the nonparty and the judgment debtor.[33]

---

[30] *ZooBuh, Inc. v. Better Broad.*, *LLC*, No. 2:11-cv-00516-DN, 2017 U.S. Dist. LEXIS 62061, at *4 (D. Utah Apr. 24, 2017) (unpublished).

[31] *See Mountain Dudes*, 2013 U.S. Dist. LEXIS 141856, at *5–7 (stating "there is no doubt that third parties can be examined in relation to the financial affairs of a judgment debtor" while also recognizing that "disclosure concerning the assets of a nonparty is not generally contemplated by the federal rules"); *see also Democratic Republic of Congo v. Air Cap. Grp., LLC*, No. 12-civ-20607, 2018 U.S. Dist. LEXIS 2943, at *6 (S.D. Fla. Jan. 8, 2018) (unpublished) ("While the scope of discovery directed at judgment debtors is broad, third parties are generally only examined as to the judgment debtor's assets and are not required to disclose their own assets." (internal quotation marks omitted)).

[32] *Mountain Dudes*, 2013 U.S. Dist. LEXIS 141856, at *6.

[33] *See id.* ("[C]ourts have permitted [] discovery [of nonparty assets] upon a somewhat heightened showing of necessity and relevance—*i.e.*, at least some demonstration of concealed or fraudulent transfers or alterego relationship with the judgment debtor." (internal quotation marks omitted)); *see also Allstate Ins. Co. v. Orthopedic, P.C.*, No. 122MC00016JPHMJD, 2022 U.S. Dist. LEXIS 42485, at *10 (S.D. Ind. Mar. 9, 2022) (unpublished) ("Non-party discovery may be permitted where [the] relationship between judgment debtor and nonparty is sufficient to raise a reasonable doubt about bona fides or transfer of assets." (internal quotation marks omitted) (alteration in original)); *Democratic Republic of Congo*, 2018 U.S. Dist. LEXIS 2943, at *6–7 ("[A] third-parties' assets may be discoverable upon a heightened showing of necessity and relevance, meaning at least some demonstration of concealed or fraudulent transfers or alter ego relationship with the judgment debtor, is generally warranted." (internal quotation marks omitted)); *Nat'l Union Fire Ins. Co. v. Van Waeyenberghe*, 148 F.R.D. 256, 257 (N.D. Ind. Apr. 19, 1993) ("There is authority for restricting discovery requests directed to third parties seeking information about their assets and financial affairs." (emphasis omitted)).

AVT seeks information about the financial affairs of Olivet, but it also seeks substantial information about nonparty Dover Greens' assets and financial status[34] with no showing these requests are related to Olivet.  AVT seeks discovery from Dover Greens in the form of document requests and depositions.[35]  Specifically, AVT requests documents across the following categories:

1. Bank statements from any bank accounts held by Dover Greens, individually or collectively, from January 1, 2019 through the present;
2. Dover Greens's tax returns for 2019, 2020, and 2021;
3. Dover Greens's profit and loss statements for 2019, 2020, and 2021 (audited if so prepared);
4. Dover Greens's balance sheets as of June 30, 2019, June 30, 2020, June 30, 2021, and June of 2022 (audited if so prepared);
5. Dover Greens's property ownership records, titles, loan documents, invoices, and list of inventory or assets showing whether Dover Greens owns the assets or is leasing the assets and, if leasing, from whom Dover Greens is leasing the asset;
6. Documents reflecting Dover Greens' company and ownership structure;
7. Documents showing any distributions made to or from Olivet;
8. Documents showing any payment made to or from Olivet;
9. Documents showing any transfer of any asset to or from Olivet.[36]

And AVT seeks to conduct depositions on the following topics:

1. Any property leased by AVT to Olivet that is on any property owned by Dover Greens that Olivet has not returned to AVT;
2. Dover Greens' corporate structure, including but not limited to identification of all members of Dover Greens and identification of its officers.
3. Distributions and payments made to Olivet dating back to January 1, 2019.
4. Bank statements of Dover Greens, dating back to January 1, 2019.
5. Dover Greens' assets and liabilities dating back to January 1, 2019.[37]

---

[34] (*See* Mot. 5–6, Doc. No. 153.)

[35] (*Id.*)

[36] (*Id.* at 6.)

[37] (*Id.* at 5.)

To the extent AVT requests that Dover Greens be ordered to produce information on Dover Greens' own assets and finances, its request is denied. AVT has not made a heightened showing justifying its request for a nonparty's financial and asset information. For instance, AVT has not demonstrated Dover Greens acts as Olivet's alter ego or that it made concealed or fraudulent transfers to Olivet (or on Olivet's behalf). For this reason, any request for discovery which is not limited to Olivet's assets is improper. Document request categories one through six improperly seek information pertaining to Dover Greens' financial affairs and assets, rather than Olivet's[38]—as do deposition topics two, four, and five.[39] Accordingly, AVT cannot seek this information in post-judgment discovery. Only document request categories seven through nine and deposition topics one and three relate to Olivet's assets, as opposed to Dover Greens'. Accordingly, only discovery related to these categories and topics is permissible. Where AVT has not satisfied the heightened standard justifying discovery of nonparty finances and assets, it cannot seek discovery as to Dover Greens' finances and assets.

Next, AVT has asked the court to order Dover Greens to produce the specific discovery it seeks,[40] rather than simply asking the court to permit it to pursue post-judgment discovery from Dover Greens. Significantly, AVT filed this motion ex parte;[41] Dover Greens received no notice

---

[38] (*Id.* at 6.)

[39] (*Id.* at 5.)

[40] (*See id.* at 5–6, 8 (stating, "Dover Greens should be *ordered* to designate its officers and employees, who are competent to testify, and are 'most knowledgeable,' to prepare for and give testimony regarding the following deposition topics," "AVT requests the Court to *order* Dover Greens to produce certain categories of documents at least fourteen days before the deposition," and "AVT respectfully requests that the Court grant its Motion, and to *order* Dover Greens to produce the above-requested documents [and] to attend a deposition and answer questions regarding the above-requested topics") (emphasis added).)

[41] (*See generally id.*)

and had no opportunity to object or otherwise be heard.  While Rule 69 contemplates post-judgment discovery against nonparties, it is common for this discovery to proceed via subpoenas under Rule 45 of the Federal Rules of Civil Procedure.[42]  Permitting AVT to initiate post-judgment discovery through subpoenas will ensure Dover Greens receives notice and has a chance to be heard.  Moreover, Rule 45 sets out Dover Greens' obligation to comply with subpoenas and establishes procedures for objecting.[43]  The rule also outlines steps for AVT to follow in the event it seeks to compel Dover Greens' production, inspection, or deposition under any subpoenas.[44]

In short, AVT's motion is denied to the extent it asks the court to compel production by Dover Greens.  However, AVT is authorized to pursue post-judgment discovery related to Olivet's assets from Dover Greens (document request categories seven, eight, and nine, and deposition topics one and three).  AVT may pursue this discovery by way of subpoenas under Rule 45.

---

[42] *Cf. ZooBuh*,  2017 U.S. Dist. LEXIS 62061, at *1 (evaluating a Rule 69 post-judgment discovery request on a nonparty where subpoenas had been served on the nonparty); *W. Vision Software, L.C. v. Process Vision, LLC*, 2015 U.S. Dist. LEXIS 27850, at * 3–4 (D. Utah Mar. 6, 2015) (unpublished) (applying requirements of Rule 45 to a motion to compel a third party to appear for a deposition pursuant to Rule 69); *see also Democratic Republic of Congo*, 2018 U.S. Dist. LEXIS 2943, at *4 (evaluating a Rule 69 post-judgment discovery request on a third party after "[p]laintiff ha[d] subpoenaed documents for the purpose of determining whether the Debtors transferred assets to any of the Non-Parties and to what extent the Non-Parties may be the Debtors' successors or alter egos"); *FTC v. Trudeau*, No. 5:12MC352012, U.S. Dist. LEXIS 160545, at *4 (N.D. Ohio Nov. 8, 2012) (unpublished) (evaluating Rule 69 post-judgment discovery against a third party after plaintiff "initiated post-judgment discovery, serving a subpoena upon [the nonparty]").

[43] *See* Fed. R. Civ. P. 45.

[44] *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.").

**B. AVT's Request to Restrain Any Assets of Olivet in Dover Greens' Possession is Unsupported**

AVT next asks the court to prohibit Dover Greens from transferring any assets of Olivet's in its possession.[45]  This request is denied because it is not properly supported.

Rule 64 of the Utah Rules of Civil Procedure authorizes courts to restrain or "forbid any person from transferring, disposing or interfering with [] property" that may be used to satisfy a judgment.[46]  AVT contends this "any person" language authorizes the court to prevent Olivet *and* third parties like Dover Greens from transferring property.[47]  AVT cites *Securities and Exchange Commission v. Bliss*[48] in support of its position.[49]  AVT characterizes the *Bliss* court's holding as allowing "a court to require a third party to sit for an examination to collect assets of a judgment debtor and . . . to prevent third parties from transferring assets."[50]  But the *Bliss* court ultimately denied the request to restrain assets under Utah's Rule 64(c)(3) for two reasons.  First, the court concluded a magistrate judge could not make that determination under Rule 69-1(b) of the District of Utah's Local Rules of Civil Practice.[51]  Second, the *Bliss* court denied the request

---

[45] (Mot. 7–8, Doc. No. 153.)

[46] Utah R. Civ. P. 64(c)(3).

[47] (Mot. 7, Doc. No. 153.)

[48] No. 2:15-cv-00098-RJS, 2021 U.S. Dist. LEXIS 81445 (D. Utah Apr. 27, 2021) (unpublished).

[49] (Mot. 7, Doc. No. 153.)

[50] (*Id.*)

[51] *Bliss*, 2021 U.S. Dist. LEXIS 81445, at *7–8; *see also* DUCivR 69-1(a).

because the moving party did not file a "proper affidavit" with its motion seeking restraint, as required by the same rule.[52]

The *Bliss* court's approach is consistent with this district's local rule governing post-judgment supplemental proceedings.  Although the local rule permits a judgment creditor to "request that the debtor or other person be ordered to refrain from alienation or disposition of the property or assets in any way detrimental to the [judgment creditor]'s interest," it specifies this request must be made "on proper affidavit."[53]  AVT's motion is deficient and must be denied because AVT did not file any affidavit with its motion.

<u>CONCLUSION</u>

AVT's ex parte motion seeking discovery from Dover Greens and to prohibit the transfer of Olivet's property[54] is granted in part and denied in part.  The motion is GRANTED insofar as AVT seeks to pursue post-judgment discovery from Dover Greens.  AVT is authorized to subpoena Dover Greens pursuant to Rule 45 of the Federal Rules of Civil Procedure.  But the subpoenas must be limited to document request categories seven through nine and deposition topics one and three.  The motion is DENIED as to document request categories one through six and deposition topics two, four, and five because AVT has not met the heightened standard

---

[52] *Bliss*, 2021 U.S. Dist. LEXIS 81445, at *8.

[53] DUCivR 69-1(a).

[54] (Doc. No. 153.)

justifying discovery of the financial affairs of a nonparty.  The motion is also DENIED insofar as

it asks the court to prohibit the transfer of any assets of Olivet's in Dover Greens' possession.

DATED this 18th day of November, 2022.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

12