Heidi G. Goebel (Bar No. 10343)
GOEBEL ANDERSON PC
405 South Main Street, Suite 200
Salt Lake City, UT 84111
Telephone: 801-441-9393
hboebel@gapclaw.com

Nathan J. Marcusen (*pro hac vice*)
Isaac W. Messmore (*pro hac vice*)
NELSON MULLINS
RILEY & SCARBOROUGH LLP
1600 Utica Avenue South, Suite 750
Minneapolis, MN 55406
Telephone: 612-464-4500
nathan.marcusen@nelsonmullins.com
ike.messmore@nelsonmullins.com

*Attorneys for Defendant Olivet University*

### IN UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| AVT – NEW YORK, L.P., a Utah limited partnership,<br><br>        Plaintiff,<br>v.<br><br>OLIVET UNIVERSITY, a California corporation,<br><br>        Defendant. | **DEFENDANT'S MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGEMENT AND MEMORANDUM IN SUPPORT**<br><br>Case No. 2:18-cv-00782-JNP-DAO<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Daphne A. Oberg |

**Statement of Relief Sought and Grounds for Relief**

In accordance with Rule 62(b) of the Federal Rules of Civil Procedure, Defendant Olivet University moves the Court for an order staying proceedings to enforce or execute on the judgment pending a ruling on Olivet University's motion to vacate the default judgment [Doc.

174]. A stay is necessary to maintain the status quo, particularly as Plaintiff has recently taken steps to attempt to levy on Olivet University's campus property.

As set forth in Olivet University's motion to vacate the default judgment, the judgment is partially or entirely void due to lack of standing and, regardless, is improper due to Plaintiff's overstated damages demand, which was sustained without a hearing or supporting calculations. While Olivet University's motion to vacate is pending, Plaintiff's ongoing enforcement efforts pose an existential threat. In 2019, Plaintiff took steps to establish a judgment lien against Olivet University's main campus in Riverside, California. Last month, Plaintiff posted a notice of levy on the campus and apparently intends to attempt to liquidate the campus via a sheriff's sale. Given that the judgment lien secures the judgment, and to prevent the irreparable harm of foreclosure, Olivet University requests the Court to stay all enforcement or execution on the judgment without a bond pending resolution of Olivet University's motion to vacate.

### Relevant Facts

Plaintiff registered the original default judgment in the Central District of California on March 8, 2019. *See* Registration of Judgment from Another District (Ex. 1 to Decl.). Plaintiff then filed an Abstract of Judgment with the Riverside County Recorder, thereby creating a judgment lien on Olivet University's Riverside Campus, located at 36401 Tripp Flats Rd, Anza California. *See* Abstract of Judgment from Another District (Ex. 2 to Decl.); Cal. Code Civ. Proc. § 697.310(a) (stating that "a judgment lien on real property is created . . . by recording an abstract of a money judgment with the county recorder"). On December 22, 2021, Plaintiff obtained a Writ of Execution from the Central District of California, *see* Writ of Execution (Ex. 3 to Decl.), and in November 2022, Plaintiff posted a Notice of Levy upon the property, *see*

Notice of Levy (Ex. 4 to Decl.). On November 7, 2022, Olivet University filed a motion under Rules 60(b) and (d) of the Federal Rules of Civil Procedure to vacate the default judgment. *See* Motion to Vacate [Doc. 174].

### Supporting Authority and Argument

Under Rule 62(b) of the Federal Rules of Civil Procedure, a party may obtain a stay of proceedings to enforce a judgment by providing a "bond or other security." Fed. R. Civ. P. 62(b). The stay takes immediate effect upon the court's approval. *Id.* While stays are often obtained by posting a bond, the purpose of the bond is to "preserve the status quo" while protecting the non-moving party's rights during appeal or other post-trial proceedings. *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979).

Rule 62(b) expressly allows a party to obtain a stay by providing security other than a bond. Fed. R. Civ. P. 62(b). And it is well-established that district courts have discretion regarding the determination of adequate security. *See Poplar Grove*, 600 F.2d at 1191 (noting that courts may decline to require a bond upon a showing of adequate security); *Int'l Telemeter v. Hamlin Int'l Corp.*,754 F.2d 1492, 1495 (9th Cir. 1985) ("Although Federal Rule of Civil Procedure 62 provides that a [monetary] bond may be used to stay execution of a judgment pending appeal, the court has discretion to allow other forms of judgment guarantee."). Indeed, Rule 62(b) was amended in 2018 to clarify the longstanding rule that courts may accept security other than a bond. *See* Fed. R. Civ. P. 62(b) advisory committee's note to 2018 Amendments ("The new rule's text makes explicit the opportunity to post security in a form other than a bond."). This is especially true when either (1) the debtor can demonstrate to the Court "a present financial ability to facilely respond to a money judgment," or (2) requiring a monetary bond of

the full judgment amount would impose an "undue financial burden." *Poplar Grove*, 600 F.2d at 1191; *see also Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 874 (10th Cir. 1986) (upholding bond for less than full value of judgment where defendant "did not have sufficient assets to post a supersedeas bond . . . and that execution of the judgment would cause him irreparable harm and place him in insolvency").

One acceptable form of judgment security is an interest in property, such as a lien. The majority of courts to address this issue have held that an existing property lien is adequate security to support a stay under Rule 62(b). *See U.S. v. Birdsong*, No. 17-cv-72-M-DWM, 2019 WL 1026277, at *2 (D. Mont. Mar. 4, 2019) (holding that "status quo" was maintained where property subject to U.S. tax liens could act as security for the judgment under Rule 62(b), *aff'd*, 804 F. App'x 687 (9th Cir. 2020)); *Deutsche Bank Nat'l Trust Co. v. Cornish*, 759 F. App'x 503, 509–10 (7th Cir. 2019) (holding that an interest in the subject property can provide adequate security); *MTGLQ Investors, LP v. Wellington*, No. 17-cv-487-KG-LF, 2019 WL 7596262, at *1 (D.N.M. Nov. 7, 2019) (granting stay where property subject to foreclosure provided sufficient security).

Here, adequate security exists to grant a stay because Plaintiff holds a lien on Olivet University's Riverside Campus. Plaintiff seeks to collect on its judgment award of $4,901,413.34 plus fees and interest. Corrected Default J. [Doc. 24]. The Riverside campus real estate is valued at over $10.6 million, with a mortgage of approximately $3.4 million. Decl. ¶¶ 5–6. The property is occupied and cared for. *Id.* ¶ 7. Indeed, it is home to many students and faculty, and a vital hub of Olivet University's educational mission. *Id.* ¶ 8. Because the value of the property greatly exceeds the sum of the judgment, Plaintiff's lien on this property is sufficient security under Rule

62(b). *See Birdsong*, 2019 WL 1026277 at *2; *Deutsche Bank*, 759 F. App'x at 509–10; *MTGLQ Investors*, 2019 WL 7596262 at *1.

Furthermore, requiring Olivet University to post a monetary bond—or allowing execution on the judgment during the pendency of the motion to vacate—would be unjust and unduly burdensome. *See* Decl. ¶¶ 9–10. As set forth in its motion to vacate, Olivet University has already paid over $6 million for leased equipment originally worth $5.4 million. Yet Plaintiff sought, obtained, and hopes to enforce a judgment requiring Olivet University to pay millions more than Plaintiff could have received under performance of the original lease. Given Olivet University's status as a nonprofit university that depends, in large part, on donor funding, enforcement of the judgment would pose a potentially ruinous financial burden.

## Conclusion

Plaintiff's lien on Olivet's main campus property constitutes adequate security for the judgment and warrants granting a stay pending resolution of the motion to vacate. Requiring Olivet University to post a monetary bond in the amount of the judgment is unnecessary and would be unduly burdensome. And allowing enforcement of the improper judgment would be potentially ruinous to Olivet University. Olivet University therefore respectfully requests that the Court preserve the status quo during pendency of the motion to vacate by granting this Motion of Stay Proceedings to Enforce Judgment.

DATED this: 30th day of December, 2022.

NELSON MULLINS RILEY & SCARBOROUGH LLP

*/s/ Nathan J. Marcusen*
Nathan J. Marcusen
Isaac W. Messmore
*Attorneys for Olivet University*